Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

Ortíz *v.* Rodríguez.

Appeal from the District Court of Mayagüez.

No. 30.—Decided June 27, 1903.

Divorce.—Collusion of Parties.—The testimony of two qualified and unimpeached witnesses as to the infidelity of the defendant who abandoned her home and lived publicly in adultery with another person, constitutes sufficient evidence of adultery according to the rules of sound judgment, and acquiescence on the part of the defendant is not sufficient, in default of other evidence, to show the existence of collusion.

Id.—Adultery.—Under section 164 of the Revised Civil Code adultery on the part of either of the parties to the marriage is sufficient ground for divorce with all of the effects prescribed by said Code.

STATEMENT OF THE CASE.

This is an appeal in cassation, now appeal, pending be-

pende, interpuesto por Don Julio Ortiz, vecino del Pueblo de Lajas, representado primero por su abogado defensor Don Robustiano Biaggi, y, en el acto de la vista, por el abogado Don José Rodríguez Cebollero, contra la sentencia pronunciada por el Tribunal de Distrito de Mayagüez, en el pleito de divorcio que siguiera el Ortíz contra su esposa Doña Rosa Rodríguez, y cuya sentencia copiada literalmente dice así:

"En la Ciudad de Mayagüez, á 26 de Noviembre de 1902. Visto en juicio oral y público este pleito civil, seguido entre partes, de la una Julio Ortíz, agricultor, del domicilio de Lajas, representado por el abogado Don Robustiano Biaggi, al principio, y luego por Don Antonio Manrique de Lara, y de la otra el Ministerio Fiscal, en representación del Pueblo de Puerto Rico, y Doña Rosa Rodríguez, vecina de Sabana Grande, sobre divorcio.

1º *Resultando:* que Don Julio Ortíz y Morales y Doña Rosa Rodríguez y del Toro contrajeron matrimonio canónico en el Pueblo de Cabo Rojo, el día 31 de Octubre de 1894, inscribiéndose en el Juzgado Municipal de dicho pueblo el día 1º de Noviembre del mismo año.

2º *Resultando:* que el expresado Julio Ortíz solicitó el divorcio de su esposa á todos los efectos legales, alegando que, desde seis meses antes de su escrito, de 9 de Agosto de 1902, Doña Rosa Rodríguez se marchó de la casa conyugal, viviendo en mancebía con otro hombre, públicamente en el pueblo de Sabana Grande, con lamentable olvido de todos sus deberes, dejando al esposo y á sus hijos en una situación injustificada, por lo cual, según toda la legislación vigente en esta Isla, y estimándose el adulterio como causa de divorcio, era procedente el mismo.

3º *Resultando:* que conferida vista al Ministerio Fiscal, nada opuso en contrario, y la demandada Rosa Rodríguez presentó escrito mostrando conformidad á la petición del demandante.

4º *Resultando:* que señalado día para proponer la prueba, fué admitida la que se propuso, señalándose día para el juicio oral.

5º *Resultando:* que la votación de la sentencia recayó por unanimidad, y en el presente caso se han guardado las formalidades del procedimiento. Visto, siendo Juez Instructor, para la redacción de esta sentencia, Mr. James A. Erwin.

1º *Considerando:* que para que pueda decretarse el divorcio, es menester que exista una causa debidamente justificada, sin que sea el resultado de un convenio entre marido y mujer ó de una aquiescencia de cualquiera de ellos para conseguirlo.

2º *Considerando:* que la causa de adulterio no se ha comprobado para el

fore us, taken by Julio Ortiz, a resident of the town of La-jas, represented first by his counsel Robustiano Biaggi, and at the hearing by José Rodriguez Cebollero from the judgment rendered by the District Court of Mayagüez in a suit for divorce prosecuted by Ortíz against his wife Rosa Rodriguez. This judgment, literally transcribed, reads as follows:.

"In the City of Mayagüez, November 26, 1902. A hearing was had in this action for divorce prosecuted by Julio Ortíz, an agriculturist, domiciled in Lajas, represented first by Robustiano Biaggi, and later by Antonio Manrique de Lara against The People of Porto Rico represented by the Attorney General, and Rosa Rodriguez, a resident of Sabana Grande.

1.—Julio Ortíz y Morales and Rosa Rodriguez y del Toro contracted a canonical marriage in the town of Cabo Rojo, on October 31, 1894, which marriage was registered in the Municipal Court of said town on November 1, of the same year.

2.—The said Julio Ortíz prayed for a decree of divorce from his wife, with all the legal effects thereof, alleging that six months prior to the date of his complaint, filed August 9, 1902, Rosa Rodríguez had left his home and was living in open adultery with another man in Sabana Grande, thereby violating her marriage vows, and leaving her husband and children in an unjustifiable situation, for which reason, and in view of the laws in force in this Island, and inasmuch as adultery is a ground for divorce, he prayed that a decree of divorce be granted.

3.—The case having been referred to the *Fiscal*, he offered no opposition thereto, and the defendant, Rosa Rodriguez, filed an answer in which she offered no objection to plaintiff's prayer.

4.—A day having been set for the proposal of evidence, and such as was proposed having been admitted, a day was set for the trial.

5.—All the formalities of procedure having been observed in the present case, the vote on the judgment rendered was unanimous. Judge James A. Erwin prepared the opinion of the court as follows:

I.—In order to grant a decree of divorce it is necessary that the cause thereof should be duly proven, and this should not be the result of collusion between husband and wife, nor should it be by the acquiescence of either of the parties for the purpose of securing the same.

II.—The cause alleged, adultery, has not been proven to the satisfaction of the court, because one single witness testifying to his own knowledge of the fact, is not sufficient, according to the rules of sound judgment, to constitute proof, since other witnesses base their testimony to the effect that Victorio

Tribunal, puesto que un sólo testigo que declara de ciencia propia no es suficiente según las reglas de la sana crítica, para producir evidencia, ya que otros testigos fundan su afirmación en que Victorio Ortíz y Rosa Rodríguez vivían en concubinato, porque hablaban juntos, mientras que la manifestación por escrito de la demandada puede estimarse como una aquiescencia para conseguir el divorcio.

Visto el Código Civil vigente, en el título que trata de la materia, y la Orden General No. 118. *Fallamos:* que debemos declarar y declaramos sin lugar la demanda, con las costas á la parte actora, absolviéndose, por tanto, de ella, á Doña Rosa Rodríguez. Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Arturo Aponte.—J. A. Erwin.—Luis Méndez Vas."

*Resultando:* que contra esta sentencia interpuso la representación del demandante, Don Julio Ortiz, recurso de casación por infracción de ley, que le fué admitido; y elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personado el recurrente, se le entregaron los autos para instrucción, acomodándose á la tramitación marcada por la Ley de la Asamblea Legislativa de esta Isla, aprobada en 12 de Marzo último, transformando esta Corte Suprema en Tribunal de Apelación, y devueltos los autos por el apelante, manifestando quedar instruido, y seguida la instrucción con los estrados del Tribunal, en representación de la demandada, Doña Rosa Rodríguez, por no haber comparecido, y con el Ministerio Fiscal, se adhirió éste al recurso pidiendo la revocación de la sentencia apelada, y que se declarara con lugar el divorcio solicitado por Don Julio Ortiz.

*Resultando:* que traidos los autos á la vista, con citación de las partes para sentencia, se señaló día para la celebración de dicho acto, el que tuvo lugar con la asistencia del Sr. Fiscal de este Tribunal Supremo, y del abogado defensor de la parte apelante.

Abogados del apelante: *Sr. Biaggi y Rodríguez Cebollero.*
Fiscal del Tribunal Supremo: *Sr. del Toro.*
La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los

Ortíz and Rosa Rodríguez lived in adultery upon the fact of their having been seen conversing together, while defendant's written statement may be taken as an act of acquiescence on her part for the purpose of securing the divorce.

In view of the provisions of the Civil Code in force under the title which treats of this matter, and of General Order No. 118, we adjudge that we should declare, and do declare that this complaint does not lie, and the same is accordingly dismissed, with costs against the plaintiff, Rosa Rodríguez being therefore absolved therefrom. Thus by this our judgment we pronounce, command and sign.—Arturo Aponte.—J. A. Erwin.—Luis Méndez Vaz".

From this judgment Julio Ortíz, through his attorney, took an appeal in cassation for error of law, which was allowed. The record having been forwarded to this Supreme Court and the parties cited, the appellant appeared and was given the papers for his examination. The procedure adopted for the appeal was that prescribed by the act of the Legislative Assembly of this island establishing the Supreme Court of Porto Rico as a court of appeals, approved March 12, 1903. The record was returned by the appellant who stated that he had familiarized himself with the contents thereof. The hearing having been had the defendant, Rosa Rodriguez, having failed to enter an appearance in the Supreme Court, the *Fiscal* acquiesced in the appeal and asked that the judgment appealed from be reversed and that the divorce sued for by Julio Ortiz be granted.

The record having been taken under consideration by the court, and the parties cited to appear, a day was set for rendering judgment, at which both the *Fiscal* of this Supreme Court and counsel for appellant were present.

*Messrs . Biaggi* and *Rodriguez Cebollero*, for appellant.

*Mr. del Toro, Fiscal*, for the People.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court as follows :

hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando* de la certificación que obra en autos, del juicio conciliatorio celebrado entre el demandante, Don Julio Ortiz, y su esposa Doña Rosa Rodríguez, ante el Juez Municipal de Sabana Grande, nueve días antes de la presentación de la demanda, y para que se aviniera su esposa al divorcio que solicitaba el demandante, por haber cometido adulterio, manifestó aquella en el acto del juicio estar conforme con la pretensión deducida por su esposo, mediante la causa alegada, por lo que nada tenía que objetar contra ella.

*Resultando:* que en el acto del juicio oral declararon los testigos de la prueba del demandante Don Enrique Figueroa y Don Juan Irrizarry, ambos mayores de edad y vecinos del pueblo de Lajas, que conocían á los esposos Don Julio Ortiz y Doña Rosa Rodríguez, y les constaba que el motivo de la separación de ambos esposos consistía en haberle sido ella infiel á su marido con otro hombre, con quien se marchó á vivir en concubinato en el pueblo de Sabana Grande, agregando el primero de dichos testigos, á preguntas de la Presidencia, que los referidos esposos se casaron en Cabo Rojo, yéndose luego á vivir á Santo Domingo, de donde regresaron á esta Isla, yéndose á vivir después al pueblo de Lajas; que de ahí se marchó ella con un tal Victorio Ortiz al pueblo de Sabana Grande, donde vivía en aquella fecha, y que lo del concubinato le constaba por haber visto juntos á Rodríguez y al Victorio Ortiz; y el segundo, que había visto á éste y á la Doña Rosa Rodríguez hablando juntos, por cuyo motivo decía que vivían en concubinato, y que conocía á dichos esposos hacía siete ú ocho años, desde Santo Domingo.

*Considerando:* que las declaraciones de los dos testigos, Don Enrique Figueroa y Don Juan Irizarry, ambos mayores de edad, y sin tacha legal para serlo, y que están contestes

The findings of fact contained in the judgment appealed from are accepted. It appears from the certified copy of the record of the conciliatory proceedings had before the municipal judge of Sabana Grande, between the plaintiff Julio Ortíz, and his wife, Rosa Rodríguez, nine days prior to the filing of the suit for the purpose of securing the wife's acquiescence in the divorce prayed for by plaintiff on the ground of adultery, that she signified her consent to the granting of said divorce on the ground alleged, against which she had no objection to make.

At the trial plaintiff's witnesses, Enrique Figueroa and Juan Irizarri, both of age and residents of the town of Lajas, testified that they knew the parties, Julio Ortíz, and Rosa Rodríguez, and that the cause of their separation had been her infidelity, she having eloped with another man and gone to live with him as his mistress in the town of Sabana-Grande; the former of said witnesses adding in reply to a question put by the court, that the couple were married in Cabo-Rojo and after the wedding had moved to Santo Domingo, from which Island they had returned to Porto Rico and had gone to live in the town of Lajas; that from the latter place she had run away with one Victorio Ortíz to the town of Sabana Grande where she then lived, and that he knew of the adultery because he had seen her in company with Victorio Ortíz, and the latter witness declared that he had seen them talking together, for which reason he said they were living in adultery, and that he had known the married couple some seven or eight years, having made their acquaintance in Santo Domingo.

The statements of the two witnesses, Enrique Figueroa and Juan Irizarry, both of age and without legal disqualification, which agree as to their knowledge of the wife's infidelity, for having abandoned her husband's house and gone to live publicly in adultery with another man in a town not her husband's place of residence, which statements are confirmed by the wife's acquiescence in the prayer for

en afirmar que les consta la infidelidad de la esposa Doña Rosa Rodríguez, por haber abandonado la casa conyugal y marchádose á vivir públicamente en concubinato con otro hombre, en un pueblo distinto del domicilio del marido, confirmadas dichas declaraciones por el allanamiento y conformidad prestados por la esposa demandada, primero en el juicio de conciliación, y después en el escrito de contestación á la demanda, constituyen una prueba suficiente del adulterio imputado por el demandante á su esposa, conforme á las reglas de la sana crítica, pues aparte de la gravedad de la imputación, que no es probable la aceptara la esposa, si no fuera absolutamente cierta, no existe ningún otro motivo para sospechar siquiera la existencia de un convenio fraudulento entre marido y mujer para obtener el divorcio.

*Considerando :* que con arreglo al artículo 164 del Código Civil Revisado, el adulterio cometido por cualquiera de los cónyuges es causa suficiente para decretarse el divorcio con todas las consecuencias que el mismo Código Civil determina.

*Vistos* los artículos 163, 164, 165, 173, 175, 1343 y 1344 del propio Código Civil. *Fallamos :* que debemos revocar y revocamos la sentencia apelada, declarando con lugar la demanda de divorcio establecida por Don Julio Ortiz contra su esposa Doña Rosa Rodríguez y en su consecuencia disuelto el vínculo matrimonial existente entre ambos esposos, debiendo continuar los hijos habidos durante el matrimonio bajo el cuidado y la patria potestad del demandante D. Julio Ortiz, y decretándose la separación de bienes entre los cónyuges, la que se llevará á efecto en la forma que corresponda, sin especial condenación de costas.

Jueces concurrentes : Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

divorce, both at the proceedings to avoid litigation and in her written answer to the complaint, constitute sufficient evidence of the adultery charged by the husband against the wife, according to the rules of sound judgment, for, aside from the gravity of the charge, which the wife in all likelihood would have repudiated had it not been absolutely true, there is no other reason even to suspect the existence of a fraudulent agreement between husband and wife for the purpose of securing the divorce.

Under article 164 of the revised Civil Code, adultery on the part of either of the parties to the marriage is sufficient cause for divorce with all the attending consequences provided for by said Code.

In view of articles 163, 164, 165, 173, 175, 1343 and 1344 thereof, we adjudge that we should reverse, and do reverse, the judgment appealed from, and declare that the action for divorce prosecuted by Julio Ortíz against his wife Rosa Rodríguez is well founded and consequently the matrimonial bonds existing between both spouses are dissolved, the children had during the marriage to continue under the custody and paternal authority of the plaintiff, Julio Ortiz, and the division of all property and effects between the parties to the marriage being decreed to take effect in the proper manner, without special imposition of costs.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.